Filed 11/16/22  P. v. Davis CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT LEE DAVIS III,<br><br>    Defendant and Appellant. | F083448<br><br>(Super. Ct. No. F15903774)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez, Kari Mueller, and Louis M Vasquez, Deputy Attorneys General, Plaintiff and Respondent.

-ooOoo-

---

*Before Franson, Acting P. J., Peña, J. and De Santos, J.

A jury found Robert Lee Davis III (defendant) guilty on charges arising from a series of commercial robberies. In 2019, this court upheld the verdicts but remanded the case for a new sentencing hearing. Defendant now argues, and the People concede, further sentencing relief is warranted in light of Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) and Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567). We agree with the parties.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was prosecuted for his role in several robberies committed in June 2015. The underlying facts are not relevant to this appeal, but a detailed summary can be found in *People v. Islas* (July 19, 2019, F075575) [nonpub. opn.]. The case was tried before a jury in October 2016.

Defendant was convicted on eight counts of second degree robbery (Pen. Code, § 211; counts 1, 2, 3, 4, 7, 10, 11 & 12); two counts of attempted second degree robbery (§§ 211, 664; counts 5 & 6); two counts of assault with a firearm (§ 245, subd. (a)(2); counts 8 & 9); and one count of unlawful firearm possession (§ 29800, subd. (a)(1); count 14). (All undesignated statutory references are to the Penal Code.) True findings were made on firearm enhancement allegations pursuant to section 12022, subdivision (a)(1) (counts 1, 2, 3, 5, 6, 10, 11 & 12) and section 12022.53, subdivision (b) (counts 4 & 7). Defendant admitted to having served a prior prison term within the meaning of section 667.5, former subdivision (b). He also pled no contest in a related matter (Super. Ct., Fresno County, 2016, No. F16906002) to a violation of section 136.1, subdivision (c)(1).

On March 6, 2017, defendant was sentenced to an aggregate prison term of 28 years 4 months. The sentence included the upper terms for multiple counts and a one-year prior prison term enhancement. The trial court found as follows with regard to aggravating circumstances:

> "First, that the defendant engaged in violent conduct which indicates a serious danger to society; second, that the defendant had served a prior

2.

prison term; third, that he was on [post release community supervision] at the time that the offenses were committed …; and that his prior convictions are numerous and certainly of increasing seriousness."

In a prior opinion (*People v. Davis* (July 19, 2019, F075303) [nonpub. opn.] (*Davis I*), we affirmed the judgment but "remand[ed] the matter to the trial court to permit it to exercise its discretion regarding whether to strike the firearm enhancements in light of [Senate Bill No. 620 (2017–2018 Reg. Sess.)]."  The People's unopposed request for judicial notice of the records in *Davis I* is hereby granted.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

On February 28, 2020, further proceedings were conducted pursuant to the disposition in *Davis I*.  The trial court declined to alter its original sentence.  Defendant did not attempt to file a notice of appeal until nearly one year later.  However, by order of this court in *In re Robert Lee Davis III* (Aug. 12, 2021, F082439) [nonpub. opn.], the appeal was deemed timely.

## DISCUSSION

### I.    Prior Prison Term Enhancement

Effective January 1, 2020, the one-year enhancement provided for in section 667.5, subdivision (b) is inapplicable to all prior prison terms except those served for a sexually violent offense within the meaning of Welfare and Institutions Code section 6600, subdivision (b).  (Stats. 2019, ch. 590, § 1.)  This amendment, which resulted from the enactment of Senate Bill 136, has been held to apply retroactively to nonfinal judgments.  (*People v. Morelos* (2022) 13 Cal.5th 722, 769–770.)  The recent enactment of section 1171.1 confirms the Legislature's intent for retroactive relief.  Section 1171.1 provides, in relevant part:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."  (§ 1171.1, subd. (a).)

3.

Although Senate Bill 136 had gone into effect prior to the February 2020 proceedings on remand, it appears the issue of defendant's section 667.5 enhancement was overlooked by the parties and the trial court.  Nevertheless, the record clearly shows the enhancement was not based on a conviction for a sexually violent offense.  Therefore, as the People appropriately concede, the prior prison term enhancement must be stricken from the judgment.

## II.    Senate Bill 567

At the time of the original pronouncement of judgment and when proceedings were conducted on remand, "former section 1170, subdivision (b) provided the trial court with broad sentencing discretion to determine whether the imposition of the lower, middle, or upper term 'best serve[d] the interests of justice.'  Prior to 2007, an older version of section 1170, subdivision (b) provided that the middle term was the presumptive term but authorized the trial court to impose the upper term if it found any aggravating circumstances.  In 2007, the United States Supreme Court found this sentencing scheme unconstitutional and stated, 'under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.'  (*Cunningham v. California* (2007) 549 U.S. 270, 281.)"  (*People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1056.)

"In 2007, in response to *Cunningham*, the California Legislature amended section 1170 to provide the 'trial judges broad discretion in selecting a term within a statutory range, thereby eliminating the requirement of a judge-found factual finding to impose an upper term.'"  (*People v. Mitchell*, *supra*, 83 Cal.App.5th at p. 1056.)  "Most recently, Senate Bill 567 further amended section 1170, subdivision (b) 'to make the middle term the presumptive sentence for a term of imprisonment; a court now must impose the middle term for any offense that provides for a sentencing triad unless "there are

circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, *and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.*"  (§ 1170, subd. (b)(1) & (2).)'"  (*Mitchell*, at p. 1057, italics added.)  There is an exception to the italicized requirement: a sentencing court may rely on prior convictions as evidenced by certified records of conviction.  (§ 1170, subd. (b)(3).)

We agree with the parties on the issue of retroactivity.  "When new legislation reduces the punishment for an offense, we presume that the legislation applies to all cases not yet final as of the legislation's effective date."  (*People v. Esquivel* (2021) 11 Cal.5th 671, 673.)  This principle extends "to statutes that merely [make] a reduced punishment *possible*."  (*People v. Frahs* (2020) 9 Cal.5th 618, 629.)  To rebut the inference of retroactivity, "the Legislature must 'demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it.'"  (*Id.* at p. 634.)  Senate Bill 567 took effect during the pendency of this appeal, and there is no clear indication of a legislative intent for prospective-only application.

The parties both argue the necessity of another remand.  Although defendant admitted to having served a prior prison term, which established one aggravating circumstance (Cal. Rules of Court, rule 4.421(b)(3)), the trial court relied on several additional factors that were neither admitted nor found true by a jury.  The trial court based most of those findings on a probation report, not certified records of conviction as now required by section 1170, subdivision (b)(3).

The People quote a statement in *People v. Zabelle* (2022) 80 Cal.App.5th 1098: "If the record is insufficient to support a trial court's findings about a defendant's criminal history, we will not presume the existence of extrarecord materials, however likely they are to exist, to address this insufficiency."  (*Id.* at p. 1115, fn. 6.)  We accept the People's concession that "[u]nder the particular circumstances of this case," the

5.

matter "should be remanded for resentencing in compliance with section 1170, subdivision (b)."

## DISPOSITION

The enhancement imposed pursuant to section 667.5 is stricken.  The remainder of the sentence is vacated, and the matter is remanded for resentencing in accordance with section 1170.  In all other respects, the judgment is affirmed.